George M. Kraw (California Bar No. 71551)
Katherine McDonough (California Bar No. 241426)
Jason J. Kennedy (California Bar No. 265391)
KRAW LAW GROUP, APC
605 Ellis Street, Suite 200
Mountain View, California 94043
Telephone: 650-314-7800
Facsimile:  650-314-7899
gkraw@kraw.com
kmcdonough@kraw.com
jkennedy@kraw.com

Attorneys for Plaintiff:
Board of Trustees of the U.A. Local No. 159 Health and Welfare Trust Fund; Board of Trustees of the U.A. Local No. 159 Pension Trust Fund; Board of Trustees of the U.A. Local No. 159 Defined Contribution Plan; Board of Trustees of the U.A. Local No. 159 Journeyman and Apprentice Training Trust Fund; Board of Trustees of the Trico Pipes Labor-Management Cooperation Committee Trust Fund;

U.A. Local No. 159 Health and Welfare Trust Fund; U.A. Local No. 159 Pension Trust Fund; U.A. Local No. 159 Defined Contribution Plan; U.A. Local No. 159 Journeyman and Apprentice Training Trust Fund; Trico Pipes Labor-Management Cooperation Committee Trust Fund;

U.A. Local No. 159

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE U.A. LOCAL NO. 159 HEALTH AND WELFARE TRUST FUND; BOARD OF TRUSTEES OF THE U.A. LOCAL NO. 159 PENSION TRUST FUND; BOARD OF TRUSTEES OF THE U.A. LOCAL NO. 159 DEFINED CONTRIBUTION PLAN; BOARD OF TRUSTEES OF THE U.A. LOCAL NO. 159 JOURNEYMAN AND APPRENTICE TRAINING TRUST FUND; BOARD OF TRUSTEES OF THE TRICO PIPES LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST FUND,<br><br>And,<br><br>U.A. LOCAL NO. 159 HEALTH AND WELFARE TRUST FUND; U.A. LOCAL NO. | Case No.:<br><br>**COMPLAINT FOR DELINQUENCIES PURSUANT TO AUDIT** |

COMPLAINT – 1
CASE NO.:

|||
|---|---|
| 1 | 159 PENSION TRUST FUND; U.A. LOCAL NO. 159 DEFINED CONTRIBUTION PLAN; U.A. LOCAL NO. 159 JOURNEYMAN AND APPRENTICE TRAINING TRUST FUND; TRICO PIPES LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST FUND, |

159 PENSION TRUST FUND; U.A. LOCAL NO. 159 DEFINED CONTRIBUTION PLAN; U.A. LOCAL NO. 159 JOURNEYMAN AND APPRENTICE TRAINING TRUST FUND; TRICO PIPES LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST FUND,

And,

U.A. LOCAL NO. 159,

      Plaintiffs,

  v.

R.E. MILANO PLUMBING CORPORATION,

      Defendant.

1. This action has been brought in an effort to collect unpaid contributions owed to the Plaintiffs BOARD OF TRUSTEES OF THE U.A. LOCAL NO. 159 HEALTH AND WELFARE TRUST FUND, BOARD OF TRUSTEES OF THE U.A. LOCAL NO. 159 PENSION TRUST FUND, BOARD OF TRUSTEES OF THE U.A. LOCAL NO. 159 DEFINED CONTRIBUTION PLAN, BOARD OF TRUSTEES OF THE U.A. LOCAL NO. 159 JOURNEYMAN AND APPRENTICE TRAINING TRUST FUND; BOARD OF TRUSTEES OF THE TRICO PIPES LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST FUND (hereinafter referred to as "Boards of Trustees"), and U.A. LOCAL NO. 159 HEALTH AND WELFARE TRUST FUND, U.A. LOCAL NO. 159 PENSION TRUST FUND, U.A. LOCAL NO. 159 DEFINED CONTRIBUTION PLAN, U.A. LOCAL NO. 159 JOURNEYMAN AND APPRENTICE TRAINING TRUST FUND; (hereafter "ERISA Trust Funds"), TRICO PIPES LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST FUND (hereinafter collectively with the ERISA Trust Funds, the "Trust Funds"), and U.A. LOCAL NO. 159 (the "Union") (all collectively, "Plaintiffs"). This action arises under Section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") 29 U.S.C. § 1001, *et seq.*, under

sections 1132 and 1145. This action also arises under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185.

## JURISDICTION AND VENUE

2. The Court has jurisdiction of this action under the terms of Section 502(a), (e) and (g) of ERISA, 29 U.S.C. §1132(a), (e) and (g), 29 U.S.C. §185(c), and 28 U.S.C. § 1331.

3. This Court has venue over this action pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that this is the district where the Trust Funds are administered and where the breaches described herein took place.

## INTRADISTRICT ASSIGNMENT

4. In accordance with Civil L.R. 3-2(c), assignment to the San Francisco Division or the Oakland Division of the United States District Court for the Northern District of California is appropriate because the Trust Funds are administered in Alameda County, California, the Union is located in Contra Costa County, and Defendant R.E. Milano Plumbing Corporation's principal place of business is also Contra Costa County.

## PARTIES

5. The Trust Funds are labor-management trust funds created and maintained pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c).

6. The ERISA Trust Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), and 3(3) of ERISA, 29 U.S.C. §1002 (1), (2), and (3), and are maintained for the purpose of providing retirement, health and welfare, and related benefits to eligible participants. The ERISA Trust Funds receive contributions from numerous employers pursuant to a collective bargaining agreement between employers and the United Association of Journeymen & Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO (herein after "U.A. Local No. 159" or "Union"), and therefore, are multiemployer plans under Section 3(37) of ERISA, 29 U.S.C. § 1002(37), and 29 U.S.C. § 1301(a)(3). The Boards of Trustees of the ERISA Trust Funds fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

7. The Trust Funds and Boards of Trustees maintain their principal place of business at 4160 Dublin Blvd., Suite 400, Dublin, California 94568.

8. The Union is a labor organization as the term is defined by the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), and is the bargaining representative of employees in the plumbing, pipe-fitting, or refrigeration fitting industries within Contra Costa County under the NLRA, 29 U.S.C. § 159(a).

9. The Union maintains its principal place of business at 1308 Roman Way, Martinez, California, 94553.

10. The Boards of Trustees, as fiduciaries of the ERISA Trust Funds, bring this action on behalf of the ERISA Trust Funds and the funds' participants and beneficiaries to recover delinquent contributions, pursuant to Section 502 of ERISA, 29 U.S.C. § 1132. Also pursuant to Section 502 of ERISA, 29 U.S.C. § 1132, the ERISA Trust Funds bring this action on behalf of themselves and on behalf of participants and beneficiaries in the ERISA Trust Funds to recover benefits due. Likewise, the Union brings this action on behalf of bargaining unit employees to recover benefits due, pursuant to Section 301 of the LMRA, 29 U.S.C. § 185.

11. Defendant R.E. Milano Plumbing Corporation (hereinafter referred to as "R.E. Milano" or "Defendant") is, upon information and belief, a corporation existing under the laws of the State of California. Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11), and 3(12) of ERISA, 29 U.S.C. § 1002(5), (11), and (12), and Section 2(2) of the LMRA, 29 U.S.C. § 152(5).

12. Defendant's principal place of business is 280 Arthur Road, Suite B, Martinez, California 94553.

13. Defendant is a signatory employer to a collective bargaining agreement entitled the Master Labor Agreement ("MLA") which provides for payment of contributions to the Trust Funds. The MLA is between the U.A. Local 159 and Northern California Mechanical Contractors Association (NCMCA) Plumbing-Heating-Cooling Contractors Association of the Greater Bay Area Inc. (GBA) and the Industrial Contractor UMIC, Inc. (UMIC). The MLA binds Defendant

to the provisions of the respective Trust Agreements for the Pension, Defined Contribution, and Health and Welfare Funds ("Trust Agreements") that created the Trust Funds.

**FACTUAL ALLEGATIONS**

14. Defendant entered into the MLA with the Union. The MLA established the terms and conditions of employment for plumbing and pipe-fitting workers employed by the Defendant, R.E. Milano Plumbing Corporation.

15. Defendant is required to make contributions to the Trust Funds for each hour worked by its bargaining unit employees at the rate and in the manner specified in the MLA and Trust Agreements.

16. A signatory employer to the MLA is required, under the agreement, to file a monthly report with the Trust Funds showing hours worked and contributions due. Even if no employees worked in a particular month, employers are still responsible for filing a report stating that to be the case.

17. Prompt payments of contributions are expected to be made each month by the employers in accordance with the Trust Funds' respective Trust Agreements. Contribution payments which are not paid on or before the twentieth (20th) day of the month for the work performed in the prior month are deemed delinquent.

18. Under the terms of the Trust Agreements, an employer who fails to make timely contributions to the Trust Funds for employee fringe benefits is liable to the Trust Funds for all unpaid contributions, plus liquidated damages on the unpaid principal, interest, and attorney's fees and collection costs. *See also*, 29 U.S.C. §1132(g).

19. Under the terms of the Trust Agreements, the Boards of Trustees are authorized to conduct audits of contributing employers' books and records to ensure compliance with the contributing employer's duties and responsibilities under the MLA and the Trust Agreements.

20. On or about December 30, 2019, an auditor engaged by the Boards of Trustees to conduct such audits (the "Auditor") completed an audit of R.E. Milano for the period of April 1, 2017 through June 30, 2019. Such audit detailed that R.E. Milano owed contributions in the amount of $237,859.03, liquidated damages in the amount of $23,785.96, interest in the amount

of $40, 622.15, and an audit testing fee of $15,798.08, for a total of $318,065.22. Such contributions were due for more than ten bargaining unit employees (the "Audit").

21. Plaintiffs' Auditor notified R.E. Milano of the Audit results in a letter dated December 30, 2019 and provided an opportunity to comment or respond. Absent a response, the Audit became final as of March 11, 2020.

22. On March 16, 2020, the Trust Funds emailed Robert Romeo, CEO of R.E. Milano Plumbing Corporation regarding the Audit finding.

23. On the same day, Mr. Romeo responded to the Trust Funds by email stating that he disagreed with the audit results, but failed to identify any specific audit item with which he found error and failed to provide and supporting documentation for his claim.

24. On September 23, 2020, the Benefits Funds sent R.E. Milano a demand letter for the delinquencies found owed as a result of the Audit. This letter provided Defendant until October 13, 2020 to pay or submit documentation to support, in detail, Defendant's allegation of the Audit's inaccuracy.

25. Defendant did not respond by the October 13, 2020 deadline.

26. On November 25, 2020 by first class and certified mail, Plaintiffs' Counsel also notified Defendant of its failure to pay the required contributions found owed as a result of the Audit.

27. To date, Defendant has made no further response to the demands and has not paid its delinquent contributions, or related liquidated damages and interest.

## STATEMENT OF CLAIM(S)

### COUNT I

**(BROUGHT BY PLAINTIFF ERISA TRUST FUNDS AND BOARDS OF TRUSTEES)**

**Failure to Make Required Contributions**

**in violation of the Employee Retirement Income Security Act of 1974**

**(29 U.S.C. § 1145)**

28. Plaintiffs hereby incorporate by reference each allegation contained in Paragraphs 1 through 27 as fully set forth herein.

29. This is an action to collect unpaid contributions found owing to multi-employer benefit plans pursuant to the terms of the MLA and the Trust Agreements.

30. Defendant's failure to pay contributions constitute a failure of an employer to make contractually required contributions to a multi-employer plan, pursuant to Section 515 of ERISA, 29 U.S.C. §1145.

31. Plaintiffs are entitled to judgment for all unpaid contributions, in the amount of at least $237,859.03, liquidated damages in the amount of at least $23,785.96, interest in the amount of at least $40, 622.15, and an audit testing fee of $15,798.08, for a total of at least $318,065.22, pursuant to 29 U.S.C. §1132(g)(2).

## COUNT II

## (BROUGHT BY THE UNION, THE TRUST FUNDS AND THE BOARDS OF TRUSTEES)

### Breach of a Collective Bargaining Agreement and Trust Agreements

### (29 U.S.C. § 185)

32. Plaintiffs hereby incorporate by reference each allegation contained in Paragraphs 1-31 as fully set forth herein.

33. Defendant is signatory to the MLA with the Union and, through it, the related Trust Agreements. Defendant R.E. Milano breached these agreements by failing to pay fringe benefits for covered employees. Pursuant to 29 U.S.C. § 185, Plaintiffs may sue to enforce payments for contributions owed under collective bargaining agreements.

34. As remedy for the breach, Plaintiffs are entitled to judgment for all unpaid contributions, in the amount of at least $237,859.03, liquidated damages in the amount of at least $23,785.96, interest in the amount of at least $40,622.15, and an audit testing fee of $15,798.08, for a total of at least $318,065.22, plus reasonable attorney's fees and costs.

## **PRAYER**

WHEREFORE, Plaintiffs respectfully request this Court:

A. Enter a judgment declaring that R.E. Milano has a contractual obligation to make payments to the Trust Funds (a) requiring contributions to fund benefits in an amount of least $237,859.03 or such other amount to be proven at trial; (b)

requiring liquidated damages in the amount of at least $23,785.96, (c) interest payments in the amount of at least $40, 622.15; (d) an audit testing fee of $15,798.08 and (e) requiring the payment of reasonable attorneys' fees and costs of litigation, all pursuant to the Master Labor Agreement, the Trust Agreements and ERISA.

B. Other such legal and equitable relief as the Court may deem just and equitable.

Dated: 02/11/2021

KRAW LAW GROUP

By: /s/ Jason J. Kennedy
JASON J. KENNEDY
*Counsel for Plaintiffs*

COMPLAINT – 8
CASE NO.: